IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CYNTHIA HUCHINGSON, individually and on behalf of others similarly situated, | § § § § | CV. NO. 5:14-CV-1118 |
| Plaintiff, | § § | |
| vs. | § § | |
| JAYASREE N. RAO, MD; ZULFAQQAR M. JAFFAR, MD; SYED RAZA, MD; PATRICK MAGALLANES; and JAYNE FRASURE; individually and in their official capacity, | § § § § § § § § § | |
| Defendants. | § § | |

_____

ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS
<u>CLASS ALLEGATIONS</u>

Before the Court is a Motion to Dismiss Plaintiff's Class Allegations filed by Defendants Jayasree Rao, M.D.; Zulfaqqar M. Jaffar, M.D.; Syed Raza, M.D.; Patrick Magallanes; and Jayne Frasure; individually and in their official capacities (collectively, "Defendants") on January 23, 2015.  The Court held a hearing on the motion on April 14, 2015.  At the hearing, Glenn D. Levy, Esq., represented Plaintiff Cynthia Huchingson, individually and on behalf of others

similarly situated ("Plaintiff"); Michael V. Galo, Jr., Esq., represented Defendants.

Upon careful consideration of the arguments asserted in the supporting

memorandum, as well as the arguments presented at the hearing, the Court

**GRANTS** Defendant's Motion to Dismiss Plaintiff's Class Allegations (Dkt.

# 10).

<u>BACKGROUND</u>

Defendants own and manage Oncology San Antonio, a San

Antonio-based medical practice with eleven offices throughout the city.

("Compl.," Dkt. # 1 at 2–5.)  In March 2009, Plaintiff was hired as a Regional

Network Development Manager for Oncology San Antonio and held that position

until March 2012, when she was promoted to Development Director.  (<u>Id.</u> at 5–6.)

She was subsequently promoted to Chief Operating Officer in 2013.  (<u>Id.</u> at 6–7.)

Plaintiff alleges that, on September 21, 2014, Jayasree Rao ("Rao")

became Co-President of Oncology San Antonio.  (<u>Id.</u> at 7.)  Plaintiff alleges that on

September 24, 2014, shortly after the change of control and management, she was

demoted to a non-titled position and was tasked with preparing financial statements

and advising management about compliance issues.  (<u>Id.</u> at 8.)  She further alleges

that, following her demotion, she worked an average of 100 hours per week.  (<u>Id.</u> at

9.)

Plaintiff alleges that on December 3, 2014, she wrote an email to

Oncology San Antonio's Board, which stated, among other things, that she believed that her demotion placed her in a nonexempt role and that she was owed overtime wages for the hours that she had worked.  (Id. at 10.)  She alleges that the Board scheduled a meeting the next day between Plaintiff and Jayne Frasure ("Frasure"), who acts in a human resources role with Oncology San Antonio.  (Id. at 5.)  Plaintiff alleges that she was terminated on December 8, 2014, "but . . . would remain working until January 9, 2014."  (Id. at 10.)  She further alleges that she filed an EEOC Charge of Discrimination on December 12, 2014, sent a copy of the charge to Frasure the same day, and was ultimately terminated on December 15, 2014.  (Id. at 11.)

Plaintiff filed the instant suit on December 21, 2014, alleging violations of the Fair Labor Standards Act ("FLSA") on behalf of herself and those similarly situated.  (Id. at 13–15.)  Defendants filed the instant Motion to Dismiss on January 23, 2015.  (Dkt. # 10.)  Plaintiff did not timely file a Response.[1]

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  In analyzing a motion to dismiss for failure to state a claim, the court "accept[s] 'all well pleaded facts as true, viewing them in the light most favorable to the

---

[1] Plaintiff filed a Motion for Extension of Time to File a Response on March 2, 2015, which the Court denied.  (Dkts. ## 16, 17.)

plaintiff.'" <u>United States ex rel. Vavra v. Kellogg Brown & Root, Inc.</u>, 727 F.3d 343, 346 (5th Cir. 2013) (quoting <u>In re Katrina Canal Breaches Litig.</u>, 495 F.3d 191, 205 (5th Cir. 2007)).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

DISCUSSION

Defendants maintain that Plaintiff's collective action claims should be dismissed because the allegations in the complaint are insufficient to place Defendants on notice of the putative class. (Dkt. # 10 at 6.) Specifically, Defendants argue that the complaint does not identify the positions that putative class members hold, the locations where those putative class members work, or a policy or plan to which the putative class members were subjected. (<u>Id.</u>)

I.   <u>Class Certification Under the FLSA</u>

An employee can bring an action for violating the minimum wage and overtime provisions of the FLSA, either individually or as a collective action on behalf of himself and "other employees similarly situated." 29 U.S.C. § 216(b).

4

To determine whether a class of employees are similarly situated, "[t]he court need not find uniformity in each and every aspect of employment." <u>Maynor v. Dow Chem. Co.</u>, No. CIV. A. G-07-0504, 2008 WL 2220394, at *7 (S.D. Tex. May 28, 2008). Instead, the plaintiff must show that the employees have substantially similar job requirements and are subject to the same common compensation scheme. <u>Huamen v. Ojos Locos Sports Cantina LLC</u>, No. 3:13-CV-4938-B, 2014 WL 4081554, at *4 (N.D. Tex. Aug. 19, 2014).

Because the FLSA requires employee-class members to affirmatively opt in, the plaintiff can seek "conditional class certification" from the court, which permits the plaintiff to "send[] [a] court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." <u>Genesis Healthcare Corp. v. Symczk</u>, 133 S. Ct. 1523, 1527 (2013) (citations omitted).

Although the Fifth Circuit has declined to adopt a specific test to determine when a court should conditionally certify a class or grant a notice in a § 216(b) action, the majority of courts within the Fifth Circuit have adopted the approach set forth in <u>Lusardi v. Xerox Corp.</u>, 118 F.R.D. 351 (D.N.J. 1987). <u>Mooney v. Aramco Servs. Co.</u>, 54 F.3d 1207, 1216 (5th Cir. 1995) (noting acceptable approaches include either the <u>Lusardi</u> approach or the "spurious class action" approach set forth in <u>Shushan v. Univ. of Colo.</u>, 132 F.R.D. 263 (D. Colo.

1990)), overruled on other grounds by Desert Palace, Inc. v. Costa, 539 U.S. 90

(2003); Vanzzini v. Action Meat Distribs., Inc., 995 F. Supp. 2d 703, 719 (S.D.

Tex. 2014) (following Lusardi); Mateos v. Select Energy Servs., LLC, 997 F.

Supp. 2d 640, 643 (W.D. Tex. 2013) (same); Tice v. AOC Senior Home Health

Corp., 826 F. Supp. 2d 990, 994 (E.D. Tex. 2011) (same); Marshall v. Eyemasters

of Tex., Ltd., 272 F.R.D. 447, 449 (N.D. Tex. 2011) (same).

       The Lusardi approach is a two-stage inquiry involving a "notice

stage" and a merits or decertification stage. Mooney, 54 F.3d at 1213–14. At the

notice stage, a "court determines whether the putative class members' claims are

sufficiently similar to merit sending notice of the action to possible members of the

class." Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 519 (5th Cir.

2010). If the court determines that the proposed class members are similarly

situated and conditional certification is warranted, the plaintiff has the opportunity

to send notice to potential class members, who are then permitted to opt in to the

suit. Acevedo, 600 F.3d at 519. Once plaintiffs have opted in and discovery is

largely complete, the defendant can file a decertification motion, asking the court

to re-assesses whether the claimants are similarly situated. Mooney, 54 F.3d at

1214. At that point, the court can fully evaluate the merits of class certification

and can choose to decertify the class. Id.

II.    <u>Dismissing Class Allegations</u>

   Because of the nature of the two-stage class certification process, there is some disagreement among district courts as to whether dismissal of FLSA collective action allegations under Rule 12(b)(6) is proper before Plaintiff has made a motion for conditional class certification under <u>Lusardi</u>.  A minority of courts have held that a motion to dismiss is an inappropriate place to challenge the sufficiency of class allegations when the plaintiffs have not yet moved for conditional certification.  <u>Barrett v. Forest Labs., Inc.</u>, No. 12-CV-5224-RA, 2014 WL 4058683, at *9 (S.D.N.Y. Aug. 14, 2014); <u>Lang v. DirecTV, Inc.</u>, 735 F. Supp. 2d 421, 434–36 (E.D. La. 2010).  These courts reason that the "challenge on the pleadings [is an] end-run [around] the certification process," since the plaintiffs have not had the opportunity to develop the record.  <u>Lang</u>, 765 F. Supp. 2d at 435–36.

   However, a majority of courts have found that a 12(b)(6) analysis of class allegations is appropriate, even when the plaintiff has not yet filed a motion for conditional class certification.  <u>E.g.</u>, <u>Zanders v. Wells Fargo Bank, N.A.</u>, No. 4:14-CV-00288-JEG, 2014 WL 5439298, at *12 (S.D. Iowa Oct. 28, 2014); <u>Dyer v. Lara's Trucks, Inc.</u>, No. 1:12-CV-1785-TWT, 2013 WL 609307, at *3 (N.D. Ga. Feb. 19, 2013); <u>Creech v. Holiday CVS, LLC</u>, No. Civ. A. 11-46-BAJ-DLD, 2012 WL 4483384, at *2–3 (M.D. La. Sept. 28, 2012).  These courts reason that Rule

12(b)(6) requires that a plaintiff give the defendant fair notice of the putative class, which is a much different inquiry than that at the conditional class certification stage. Dyer, 2013 WL 609307, at *3.  The Court finds such a position more persuasive, especially in light of Twombly and Iqbal's requirement that plaintiffs set out factual allegations that, if true, permit an inference of liability.  If courts ignore the sufficiency of the class allegations until plaintiffs move for conditional class certification, class allegations that fail to meet the minimum pleading standards under Twombly and Iqbal could nevertheless survive.  Accordingly, the Court agrees with the majority of courts that collective action allegations are subject to dismissal under 12(b)(6) unless they give Defendants fair notice of the putative class.

    Here, Plaintiff does not explicitly set out the alleged class anywhere in the complaint.  Instead, Plaintiff makes various allegations regarding the proposed class throughout the complaint, ultimately defining the persons that are similarly situated to Plaintiff as those nonexempt employees who are improperly classified as exempt employees and "who are eligible for overtime compensation when they work more than forty (40) hours in a workweek."  (Compl. at 11.)  Moreover, Plaintiff fails to identify how the common policy or plan affects the pay structure: Plaintiff alleges that Defendants had a policy of failing to record and compensate working time, including pre-shift and end-shift times, and then failed to

appropriately compensate nonexempt employees (id. at 13), but does not allege whether the employees were hourly or salaried or how often and how long they worked in excess of forty hours per week.

These allegations amount to little more than legal conclusions, which are wholly inadequate to place Defendants on notice of the putative class. Accordingly, the class allegations are insufficient to meet the 12(b)(6) pleading standard.  See Dyer, 2013 WL 609307, at *4 (finding a class of employees defined as similarly situated in terms of job duties, pay, and compensation insufficient to survive a motion to dismiss because the court could not discern which employees the plaintiff sought to include); St. Croix v. Genentech, Inc., No. 8:12-CV-891-T-33EAJ, 2012 WL 237668, at *2–3 (M.D. Fla. June 22, 2012) (finding that a class of "numerous individuals who were similarly situated" was insufficient where there were no allegations concerning the job duties or pay provisions of those employees); Pickering v. Lorillard Tobacco Co., No. 2:10-CV-633-WKW, 2011 WL 111730, at *2–3 (M.D. Ala. Jan. 13, 2011) (finding that a class of "sales representatives" who were "similarly situated to" the plaintiff was insufficient to meet the 12(b)(6) standard because the complaint contained no factual basis to plausibly assert that the plaintiff and other employees were in fact similarly situated); cf. Perez v. T.A.S.T.E. Food Products, Inc., No. 5:13-CV-655-DAE, 201 WL 412327, at *1, *7 (W.D. Tex. Feb. 3, 2014) (finding the class sufficient under

9

12(b)(6) when similarly situated employees who provided catering services were compensated under a scheme with two checks separating the week's hours and deducting time regardless of whether that time was worked); <u>Bogdon v. Newmont USA Ltd.</u>, No. 3:11-CV-317-LDG, 2011 WL 6253151, at *3 (D. Nev. Dec. 2, 2011) (finding the class a "close question," but ultimately sufficient under 12(b)(6), a class consisting of the other Accountants and Bulk Commodity Analysts at the firm who were not paid overtime for hours in excess of forty each week).

Plaintiff's class allegations supporting the retaliation claim are similarly bare.  Early in the complaint, Plaintiff states, "[m]any employees were terminated for standing up for their rights and identifying illegal behaviors." (Compl. at 7.)  Plaintiff later concludes, "Plaintiff, and all other similarly situated employees, have suffered and continue to suffer damages for this violation of law [FLSA retaliation]."  (<u>Id.</u> at 14.)  This is wholly insufficient.  The FLSA's retaliation provision does not permit plaintiffs to broadly recover from any retaliatory employment practice; it only permits recovery for retaliation arising out of the commencement or participation in an FLSA action.  <u>See</u> 219 U.S.C. § 215(a)(3).  Accordingly, the class allegations on the retaliation claim are also insufficient to meet the 12(b)(6) pleading standard.

CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss Class Allegations (Dkt. # 10).  Accordingly, the Court dismisses Plaintiff's class allegations without prejudice.  The Court grants Plaintiff thirty days to file an amended complaint.

**IT IS SO ORDERED.**

**DATED**: San Antonio, Texas, April 14, 2015.

_____
David Alan Ezra
Senior United States District Judge

11